**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: } | **CASE NUMBER** 24-53916-pwb | |
| Fernando Coscorrosa } | **CHAPTER 7** | |
| } | | |
| **DEBTOR** } | | |

| | |
|---|---|
| IN RE: } | **CONTESTED MATTER** |
| Fernando Coscorrosa } | |
| } | |
| **MOVANT** } | |
| v. } | |
| } | |
| Derick Toussant } | |
| } | |
| **RESPONDENT** } | |

## **OPPOSITION TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN**

Respondent Derick Toussant, by and through his undersigned counsel and pursuant to Rule 4003(d) of the Federal Rules of Bankruptcy Procedure and BLR 6008-1, hereby files his Opposition to Debtor's Motion to Avoid Judicial Lien, [ECF No. 12], and states as follows:

On May 1, 2024, in the Superior Court of Cobb County, Georgia, the Honorable Judge Kimberly A. Childs entered an order (the "Order") granting final default judgment against Debtor Fernando Coscorrosa ("Debtor") and in favor of Respondent Derick Toussant ("Toussant"). *See* **Exhibit A**. The Order required that Toussant recover $829,878.40 from Debtor. *Id.* On April 17, 2024, Debtor initiated this instant Chapter 7 bankruptcy action. *See* [ECF No. 1]. On May 12, 2024, Debtor filed a motion pursuant to 11 U.S.C. § 522(f,) seeking to avoid a judicial lien on his allegedly exempt property (the "Motion"). *See* [ECF No. 12].

1

The Motion fails to set forth any legal standard applicable to the purported relief sought or event identify the purported exempted property and the reasons thereof. *See generally id.* Regardless, based on Debtor's Schedule C, [ECF No. 14 at 8-9], Debtor appears to be claiming $29,000 in exempt property. Specifically, he is claiming the following as exempt property: (1) $5,000 of the $5,900 value of a 2013 Toyota Corolla (the "Vehicle") pursuant to O.C.G.A. § 44–13–100(a)(3); (2) $900 of the $5,900 value of the "Vehicle pursuant to O.C.G.A. § 44–13–100(a)(6); (3) $1,200 of the $1,200 value of household goods pursuant to O.C.G.A. § 44–13–100(a)(4); (4) $800 of the $800 value of electronics pursuant to O.C.G.A. § 44–13–100(a)(4); (5) $500 of the $500 value of clothing pursuant to O.C.G.A. § 44–13–100(a)(4); (6) $300 of the $300 value of jewelry pursuant to O.C.G.A. § 44–13–100(a)(5); (7) $4,900 of the $4,900 value of cash on hand pursuant to O.C.G.A. § 44–13–100(a)(6); (8) $30 of the $30 value of his Chase checking account pursuant to O.C.G.A. § 44–13–100(a)(6); (9) $2,000 of the $2,000 value of his Merrill Lynch accounts pursuant to O.C.G.A. § 44–13–100(a)(6); (10) $10,000 of the $10,000 value of a personal injury claim owed to him pursuant to O.C.G.A. § 44–13–100(a)(11)(D); and (11) $3,370 of the $6,053.52 value of insurance proceeds owed to him pursuant to O.C.G.A. § 44–13–100(a)(6). *Id.*

To decide "whether Georgia debtors may avoid a judicial lien pursuant to § 522(f), courts commonly determine, first, whether under Georgia state law the debtors are entitled to the exemption they claim and, second, whether the judicial lien would in fact impair the exemption as a matter of federal bankruptcy law." *In re Holloway*, 81 F.3d 1062, 1065 (11th Cir. 1996) (finding that the debtor could not avoid the judicial lien as it did not impair the exemption). Here, Debtor has not demonstrated any entitlement to an exemption or that the judicial lien at issue would impair any purported exemption. Moreover, Debtor provides no details regarding the items for which he

2

seeks exemption—instead using broad, categorical names without any description to determine whether they are, in fact, worth the amount sought (e.g., "Household goods"). Accordingly, the Motion must be denied.

For the foregoing reasons, Respondent respectfully requests that the Court deny the Motion.

Dated: June 20, 2024

Respectfully Submitted,

/s/ C. Napoleon Barnwell, Esq.
C. Napoleon Barnwell, Esq.
Georga Bar 728188
5805 State Bridge Rd.
Suite G349
Johns Creek, Georgia 30097
Telephone: (843) 422-2057
Facsimile: (470) 397-5103
Email:napoleon@brownbarnwell.com
Attorney for Respondent

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 20th day of June 2024, the undersigned filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide notice to all counsel or parties of record.

/s/ C. Napoleon Barnwell, Esq.
C. Napoleon Barnwell, Esq.
Attorney for Respondent

3

# Exhibit "A"

ID#2024-0030403-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**23105959**
Kimberly A. Childs - 58
MAR 01, 2024 03:27 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DERICK TOUSSANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 23-1-5959-58 |
| | ) |
| FERNANDO COSCORROSA, | ) |
| | ) |
| Defendant. | ) |

## FINAL ORDER GRANTING DEFAULT JUDGMENT

This action came for a Prove Damages Hearing before this Honorable Court on February 26, 2024, with the Honorable Judge Kimberly A. Childs presiding. Plaintiff appeared with Counsel. Defendant did not appear. Having considered the record as provided by law, the pleadings, the testimony of Plaintiff, as well as the relevant statutory law, the Court hereby FINDS and ORDERS as follows:

Defendant was personally served with the Summons and Complaint on August 17, 2023. The Sheriff's Entry of Service reflecting the aforementioned service was filed with the Court on August 27, 2023. The above-styled matter came into default by the failure of Defendant to plead or otherwise respond to the Summons and Complaint. More than fifteen (15) days have passed since the case became in default, and the default has not been set aside, no motion to open default has been made and none is now pending. Further, Defendant did not respond to the *Motion for Default Judgment*.

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff Derick Toussant recover from Defendant Fernando Coscorrosa in the amount of **$829,878.40** (EIGHT HUNDRED TWENTY-NINE THOUSAND, EIGHT HUNDRED SEVENTY-EIGHT and 40/100

DOLLARS), comprised of $82,987.84 for economic damages and $746,890.56 for noneconomic damages, with post-judgment interest at 11.50%. A Fi Fa shall issue *instanter*.

This **1st** day of **May**, 2024.

_____
Honorable Judge Kimberly A. Childs
Superior Court of Cobb County

**Order Prepared By:**[1]

/s/ C. Napoleon Barnwell, Esq.
C. Napoleon Barnwell, Esq.
Georgia Bar 728188
6113 Saratoga Blvd.
Suite F132
Corpus Christi, Texas 78414

---

[1] As modified by the Court.

## CERTIFICATE OF SERVICE

This is to certify that the Court has served all counsel / parties in this matter with a copy of the Order as follows:

C. Napoleon Barnwell
napoleon@brownbarnwell.com

Fernando Coscorrosa
415 Ruths Blvd
Woodstock, GA 30188-2520

Fernando Coscorrosa
1703 Vinings Parkway, SE
Smyrna, GA 30080

This __1st__ day of ~~February~~ March, 2024.

/s/ Anna Foster